UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BRANDON A. VANDAMME,<br><br>Plaintiff,<br><br>v.<br><br>POWELL,<br>SAXTON,<br>GIBENS,<br>SIGLER,<br><br>Defendants. | ) | No. 1:25-cv-00139-JRO-KMB |

**ORDER**

Before the Court is Defendants' motion asking the Court to sanction Plaintiff for failing to comply with a discovery order. Dkt. 34. For the reasons stated below, the motion is **denied**.

## I. Background

Defendants served Plaintiff with two exhaustion-related interrogatories. *See* dkt. 28. When Plaintiff failed to respond, they filed a motion to compel. *Id.* Plaintiff did not respond to that motion. On March 13, 2026, the Court granted the motion to compel and ordered Plaintiff to respond to the exhaustion-related interrogatories within 14 days. Dkt. 32. The Court warned Plaintiff that failure to comply could subject him to sanctions, including dismissal of his claims. *Id.* At the time, the Court was unaware that, after Defendants filed their motion to compel, Plaintiff sent Defendants an answer to Interrogatory 2, which asked him to describe all steps he took to grieve or exhaust his administrative remedies for the claims in this case, including dates of all documents submitted and how they were submitted. *See* dkt. 34. That answer was not entirely responsive and stated only that Plaintiff was having trouble getting the paperwork he needed at his new prison so he couldn't "answer these questions." Dkt. 34-1.

The Court did not become aware of the attempted answer to Interrogatory 2 until Defendants filed their current motion asking the Court to sanction Plaintiff for failing to comply with the Court's order on their motion to compel. Dkt. 34. In the motion, Defendants asked for an award of attorney fees incurred in seeking the discovery at issue, an order finding that Plaintiff failed to exhaust administrative remedies, "and/or" dismissal of this action. *Id.* Plaintiff did not file a timely response to the sanctions motion.

However, because Plaintiff attempted to serve a partial response to Defendants' interrogatories and the Court was unaware of that response when it ruled on Defendants' motion to compel, the Court gave Plaintiff one final chance to fully respond to both of Defendants' interrogatories and offer any argument as to why he should not be sanctioned. Dkt. 35. The Court further explained:

> Accordingly, it is **ORDERED** that, within **21 days of the date of this Order**, Plaintiff shall file a notice with the Court explaining why he should not be sanctioned under Rules 16(f) and 37(b)(2) for failing to comply with the March 13 Order. As set forth in Defendants' motion and Rule 37(b)(2), potential sanctions include the entry of an order finding that Plaintiff did not exhaust available administrative remedies before filing this lawsuit or an order dismissing this case with prejudice. In addition to those sanctions, Rule 37(b)(2)(C) provides that the Court must order Plaintiff to pay the reasonable attorney's fees Defendants incurred because Plaintiff failed to comply with the March 13 Order unless the failure was substantially justified or other circumstances make an award of expenses unjust. Plaintiff's response must explain why the Court should not impose these potential sanctions. Finally, Plaintiff's response to this Order must be accompanied by complete responses to both of Defendants' exhaustion-related interrogatories. As stated in the March 13 Order, all objections have been waived. He may not simply file a copy of the partial response he already sent to Defendants' counsel because he did not answer Interrogatory 1 at all, and he did not actually answer Interrogatory 2. To the extent that Plaintiff lacks access to the documents needed to fully answer either interrogatory, he may mention that in his response, but he must also provide whatever responsive information he can remember without consulting documents.
>
> **Failure to comply with this Order may result in the imposition of sanctions, up to and including dismissal of this case with prejudice and an award of attorney's fees, without any further warning or notice**.

*Id.* at 2–3.

Plaintiff responded by filing a notice asking for leniency and emphasizing that he is proceeding in this case *pro se*, has only a ninth grade education, and did not understand how to respond to the interrogatories. Dkt. 36 at 1. He represented that he is indigent, cannot work because he is in segregation, and cannot afford to pay a sanction. *Id.* He also explained that he did not have the documents that would allow him to answer the interrogatories and that he cannot remember any of the information requested by the interrogatories. *Id.* at 2. He attached new answers to Defendants' interrogatories. The first answer clearly states that he does not have the documents needed to answer the interrogatories. *Id.* at 3. The second answer states that Plaintiff filed two grievances through a prison caseworker, but he cannot remember the dates of those grievances. *Id.* at 4.

## II. Discussion

Federal Rule of Civil Procedure 37(b)(2)(A) provides that a court may issue "further just orders" when a party fails to obey a discovery over, including orders prohibiting the disobedient party from supporting or opposing designated claims or defenses and dismissing the action in whole or in part. Fed. R. Civ. P. 37(b)(A). Instead of or in addition to such orders, a court "must order the disobedient party to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). Separately, Rule 16(f) provides that a court may issue "any just orders," including those authorized by Rule 37(b)(2)(A), if a party fails to obey a pretrial order. Fed. R. Civ. P. 16(f).

"Although there are no specific factors that a court must analyze to impose sanctions under Rule 37, courts generally consider the egregiousness of the conduct by evaluating the frequency and magnitude of the party's failure to comply with court deadlines, the effect of these failures on

the court's time and schedules, the prejudice to other litigants, and the possible merits of the plaintiff's suit." *Britt Interactive LLC v. A3 Media LLC*, 2018 WL 1165861, at *3 (S.D. Ind. Mar. 5, 2018) (cleaned up) (citing *Rice v. City Chicago*, 333 F.3d 780, 784 (7th Cir. 2003)). Under Rule 16(f), if a party fails to obey a scheduling or other pretrial order, the court may "issue any just orders," including those authorized by Rule 37(b)(2)(A). Courts also may impose sanctions for discovery violations under their inherent authority if a party "willfully abuses the judicial process or litigates in bad faith." *Donelson v. Hardy*, 931 F.3d 565, 569 (7th Cir. 2019). Finally, a court may dismiss an action if a plaintiff fails to prosecute it. Fed. R. Civ. P. 41(b); *see also Next Millennium Telecom Co.*, 1112 F.4th 481 (7th Cir. 2024) (affirming district court's sua sponte dismissal of case with prejudice for failure to prosecute).

Regardless of the source of authority, any sanctions imposed "must be proportionate to the circumstances." *Rice*, 333 F.3d at 784. Factors relevant to proportionality include "the extent of the misconduct, the ineffectiveness of lesser sanctions, the harm from the misconduct, and the weakness of the case." *Id*. Before a court can dismiss a case as a discovery sanction under Rule 37, there must be a finding of "willfulness, bad faith or fault." *Brown v. Columbia Sussex Corp.*, 664 F.3d 182, 190 (7th Cir. 2011). A court may also dismiss a case for discovery violations under its inherent authority, but only if it finds that the responsible party acted or failed to act with a degree of culpability that exceeds simple inadvertence or mistake. *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 776 (7th Cir. 2016). Finally, a court may dismiss a case for failure to prosecute under Rule 41(b) only "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Brown*, 664 F.3d at 190 (cleaned up). The facts underlying a court's decision to dismiss a case under Rule 37 or its inherent authority must be established by a preponderance of the evidence. *Id*. at 781.

Plaintiff did not initially comply with the Court's order on Defendants' motion to compel. However, he has now complied. His interrogatory answers contain very little substantive information, but he has now made it clear that the reason for the lack of substantive answers is that he does not have the documents needed to respond and cannot remember any additional information. Thus, the answers are sufficient. Defendants have also suffered no prejudice (beyond the attorney fees they have incurred in filing their motion for sanctions) because of the delay in Plaintiff's providing the interrogatory answers because the Court will give them additional time to file a summary judgment motion on the issue of exhaustion. Finally, while Plaintiff's participation in discovery has not been exemplary to date, the record created in this case shows that he has not completely shirked his discovery obligations, and there is no evidence of bad faith. Plaintiff did try—albeit improperly—to tell Defendants' counsel after the motion to compel had been filed that he could not answer the interrogatories because he did not have any documentation. In these circumstances, the Court finds that no sanctions are warranted, particularly the case-ending sanctions that Defendants have requested.[1]

The Court also finds that it would not be just to award Defendants any expenses in connection with Plaintiff's initial failure to comply with the Court's order. Plaintiff is proceeding *pro se*, has only a ninth-grade education, *see* dkt. 36 at 1, and is incarcerated and indigent, *see* dkt. 3-1, making it impossible for him to pay an attorney fee award. And, as explained, while Plaintiff's handling of discovery has not been ideal, he has attempted to participate and has now answered the interrogatories.

---

[1] Because Plaintiff was required to exhaust administrative remedies before filing suit, Defendants' request for an order finding that Plaintiff did not exhaust would functionally result in the dismissal of this case. *See* 42 U.S.C. § 1997e(a); *Ford v. Johnson,* 362 F.3d 395, 398, 401 (7th Cir. 2004).

For all of these reasons, Defendants' motion for sanctions, dkt. [34], is **DENIED**. Defendants shall have **until November 9, 2026**, to make their exhaustion election as required by the Entry Directing Development of Exhaustion Defense and Issuing Partial Stay.

**IT IS SO ORDERED.**

Date: 10/26/2026

Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

BRANDON A. VANDAMME
289090
WABASH VALLEY – CF
Wabash Valley Correctional Facility
Electronic Service Participant – Court Only

Eric Ryan Shouse
Lewis And Wilkins LLP
shouse@lewisandwilkins.com